## WOODSMALL *v.* JENEKES.

[No. 12,936. Filed November 22, 1927. Rehearing denied February 24, 1928.]

*Henderson & Henderson,* for appellant.

*Noel, Hickam, Boyd & Armstrong, Jones, Hammond & Buschmann* and *S. C. Kivett,* for appellee.

ENLOE, J.—This suit, an action in replevin, was begun

by the appellee against the appellant to recover certain stock certificates which, at the time of the bringing of this suit, stood in the name of Woodsmall on the books of the company issuing said certificates, and of which certificates Woodsmall claimed to be the owner. The question in issue below was the ownership of said stock, as between the parties hereto. The cause was submitted to a jury for trial and resulted in a verdict finding that the appellee was the owner of the property in question, and awarding her damages for its detention.

The appellant filed a motion for a new trial upon the grounds: (a) That the verdict was not supported by sufficient evidence; (b) that it was contrary to law; (c) alleged error of the court in the matter of giving certain instructions; and (d) alleged error of the court in refusing to give certain requested instructions.

Counsel for appellee, in his brief filed herein, insisted that no question was presented as to any alleged error in the matter of giving and refusing instructions, for the reason, as he insisted, that the instructions were not properly a part of the record. Upon oral argument of this cause, counsel for appellant conceded that this point was well taken,—that the instructions were not properly in the record, but, he insisted, that while said instructions were not so in the record that we could pass upon the question of error in the giving or the refusal to give requested instructions, yet they were in the record to the extent that we could examine them to determine the question as to whether or not this cause was tried upon an erroneous theory as to the law which should govern the facts, concerning which, there is little dispute. Or, to state the matter another way, counsel for appellant insists that this cause was tried and the jury instructed upon an erroneous theory of law, and that a reading of the instructions in question will so disclose.

If the *record* in this case affirmatively disclosed that

this cause was tried upon a wrong theory, there would be merit in the contention of appellant. If we exclude from our consideration the alleged instructions, given, and tendered and refused, there is nothing left from which to determine the alleged error; we cannot say, as was said in the case of *Wells* v. *Wells* (1926), 197 Ind. 236, 150 N. E. 361, that: "This record shows unmistakingly that the trial court adopted a wrong view of the case."

The only other matter presented relates to the sufficiency of the evidence to sustain the verdict, and, after reading the evidence, we are constrained to hold that it is sufficient to support the verdict.

Affirmed.

Dausman, J., absent.